IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DIANE S. WILKINS,

        Plaintiff,

    v.                                  Civil Action No.2:09-CV-111

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED

On September 11, 2009, Diane S. Wilkins, ["Plaintiff"], filed a complaint under 42

U.S.C. § 405(g) and an Application for Leave to Proceed in Forma Pauperis.

Plaintiff's application reveals she relies on her husband to support her.  Plaintiff's

husband receives $2,891.20 per month from his employment.  Plaintiff states that she and her

husband have $50.00 in a joint checking account.  Plaintiff and her husband own a home worth

$96,000.  Plaintiff owns two vehicles: a 2000 Ford Explorer and a 1991 Ford truck.  Plaintiff's

monthly expenses include a $457.00 home mortgage payment, $416.00 for utilities, $267.65 in

medical bills, $250.00 for transportation, $47.00 for homeowner's insurance, $282.00 for motor

vehicle insurance, and $50.74 in taxes.  The total monthly expenses equal $1,770.39.  Plaintiff

cites no expected major changes to her source of monthly income or expenses or in her assets or

liabilities during the next twelve months.  Plaintiff's monthly expenses do not include either a

25% of back benefits payment to an attorney or money for food.

Plaintiff claims the money her husband makes is absorbed in household bills, and she

therefore is unable to afford a $350.00 filing fee. However, after subtracting Plaintiff's monthly expenses from her husband's total monthly income, Plaintiff has a surplus of $1,120.81 per month.

Plaintiff is not absolutely destitute, however, such a finding is not required in order to proceed IFP. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89 (1948). Adkins holds that an "affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs...and still be able to provide' himself and dependents 'with the necessities of life.'" Id.[1]

When determining IFP status, the Court considers "any support that an IFP applicant might receive from a spouse, or *from any other individual*." Ginters v. Frazier, 2008 WL 314701 at 2 (D. Minn., February 4, 2008)[2] (*emphasis added*). See, e.g., Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at 3 (N.D. Ind., 1993)[3] (the income and assets of close family members are relevant to a determination of indigency); Assaad-Faltas v. University of South Carolina, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997) (it is proper to consider whether the party claiming indigent status receives financial support from her family); Fridman v. City of New York, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from

---

[1]  The Supreme Court has elaborated on this standard in Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203, 113 S. Ct. 716, 722, 121 L. Ed.2d 656 (1993) (citation omitted), stating: "Poverty, in its primary sense, is a human condition, to be '[w]anting in material riches or goods; lacking in the comforts of life; needy.'"

[2]  This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.

[3] See FN 2.

those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'") (quoting <u>Williams v. Spencer</u>, 455 F. Supp. 205, 208-09 (D. Md. 1978).

Here, Plaintiff and her husband, whom she depends on for support, have readily available cash to pay the $350 filing fee.  Accordingly, it is recommended Plaintiff's September 15, 2008 Application to Proceed in Forma Pauperis be **<u>DENIED</u>**, and Plaintiff be ordered to pay the full filing fee.  Plaintiff should also be warned that the failure to pay the full filing fee within the time allowed by the Court will result in the dismissal of her complaint.

Plaintiff may file with the Clerk of Court, within ten (10) days from the date of this Report and Recommendation, written objections identifying those portions of the Report and Recommendation to which objection is made, and the basis for such objections.  A copy of such objections should also be submitted to the District Court Judge of Record.  Failure to timely file objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to transmit a copy of this Report and Recommendation to the plaintiff and counsel of record, as applicable.

DATED: September 16, 2009



<u>/s/ James E. Seibert</u>
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE