# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA S. WILKINS,**

    **Plaintiff,**

    vs.                                                      **Civil Action No. 2:09 CV 111**
                                                                         **(Maxwell)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## ORDER

It will be recalled that the above-styled Social Security appeal is referred to United States Magistrate Judge James E. Seibert pursuant to Rule 86.02 of the Local Rules of General Practice and Procedure.

On September 16, 2009, Magistrate Judge Seibert filed a Report And Recommendation wherein he recommended that the Plaintiff's Application To Proceed Without Prepayment Of Fees be denied. In said Report And Recommendation, Magistrate Judge Seibert found, after taking into account the costs of daily living and monthly expenses, that the Claimant, who with her husband's support, receives approximately $2,891.20 a month in income and who has monthly expenses in the amount of approximately $1,770.39, has sufficient assets to pay the filing fee in the above-styled appeal.

In his September 16, 2009, Report And Recommendation, Magistrate Judge Seibert expressly advised the parties that they had ten (10) days after being served with a copy of said Report And Recommendation in which to file objections thereto and that a failure to timely do so

would result in the waiver of the right to appeal from a judgement of this Court based upon said Report And Recommendation.

On September 21, 2009, Plaintiff's Objections And Accompanying Memorandum To The Magistrate's September 16, 2009 Report And Recommendation were filed with the Court. In her Objections, the Plaintiff asserts that Magistrate Judge Seibert's calculations were based on the Plaintiff's husband's gross income, as opposed to his net income, and that said calculations were incomplete in that they did not include all of her monthly expenses, in particular, the monthly figure for food. In support of her Objections, the Plaintiff amends her earlier Application To Proceed Without Prepayment Of Fees by attaching copies of her husband's pay stubs from August 21, 2009, through September 18, 2009. A review of these pay stubs reveals that, during this one-month period, the Plaintiff's husband had gross earnings of $2,366.78 and net earnings of $1,363.93. Subtracting the Plaintiff's total monthly expenses (as amended in said Objections) of $2,170.39 from her husband's net monthly income of $1,353.93 results in a negative monthly income of $816.46.

Pursuant to 28 U.S.C. § 636(b)(1)© this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Plaintiff objected. The remaining portions of the Report And Recommendation to which the Plaintiff has not objected have been reviewed for clear error.

The Court has carefully reviewed the Plaintiff's Objections And Accompanying Memorandum To The Magistrate's September 16, 2009 Report And Recommendation and

agrees with the Plaintiff that, in light of the amendments to her earlier Application To Proceed Without Prepayment Of Fees, she does not have assets of such a degree that justify the Magistrate Judge's recommendation that her Application To Proceed Without Prepayment Of Fees be denied. Accordingly, the Court, based upon an independent *de novo* consideration of all matters now before it, is of the opinion that the Plaintiff's Application To Proceed Without Prepayment Of Fees should be granted.

For the foregoing reasons, it is

**ORDERED** that Magistrate Judge Seibert's Report And Recommendation (Docket No. 3) be, and is hereby, **REJECTED.** It is further

**ORDERED** that the Plaintiff's Application To Proceed Without Prepayment Of Fees (Docket No. 2) be, and the same is hereby, **GRANTED**.

The Clerk of Court is directed to transmit copies of this Order to counsel of record.

**ENTER:** November  24 , 2009

                                             **/S/ Robert E. Maxwell**
                                             United States District Judge